IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH BELL, # R-70185, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-00240-JPG |
| | ) |
| WEXFORD HEALTH SERVICES, | ) |
| DR. AFUWAPE, MS. KLEIN, | ) |
| and MARY JOHNSON, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Joseph Bell, who is currently incarcerated at Vandalia Correctional Center ("Vandalia"), filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) which is now before the Court for preliminary review. Because the Complaint clearly violates the pleading requirements set forth in the Federal Rules of Civil Procedure, it shall be dismissed without prejudice and with leave to amend.

## Legal Standard

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" and also "a demand for the relief sought." FED. R. CIV. P. 8(a). Rule 8(d) requires that each allegation within the complaint "must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). The allegations must "actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above a speculative level." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1084 (7th Cir. 2008) (emphasis in original). Although the factual allegations in a *pro se* complaint are to be liberally construed, some allegations may be so sketchy or implausible that they fail to provide sufficient

notice of a plaintiff's claim. *See Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

## Discussion

Plaintiff Bell commenced this action by filing a Complaint pursuant to 42 U.S.C. § 1983 using this District's standard civil rights complaint form (Doc. 1). In it, he names Wexford Health Sources ("Wexford"), Doctor Afuwape (medical director), Ms. Klein (health care administrator) and Mary Johnson (nurse supervisor) as defendants. The form directs Plaintiff to prepare a "statement of claim" that states "as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated" (*Id*. at 5). The form instructs Plaintiff to "attach any relevant, supporting documentation" to the complaint (*Id*.).

Plaintiff disregarded these instructions when preparing his Complaint. His statement of claim consists of two paragraphs. In conclusory fashion, he alleges that Doctor Afuwape, Health Administrator Klein and Nurse Supervisor Johnson denied him adequate medical care. The statement of claim does not mention Wexford.

Plaintiff provides no factual allegations in support of his medical claim against each defendant. He does not describe a single medical condition, a request for medical treatment or any defendant's response to a request for medical care. The Complaint fails to explain "when, where, how, and by whom" Plaintiff's constitutional rights were violated (*Id*.). Further, Plaintiff did not submit any other documentation (*e.g.*, grievances, medical records, etc.) that provides the Court with insight into the conduct giving rise to his claims. Without this basic information, the Court cannot properly assess the merits of Plaintiff's claims against each defendant under 28 U.S.C. § 1915A.

Additionally, Plaintiff mentions no constitutional grounds for relief. "Section 1983 creates a federal remedy against anyone who, under color of state law, deprives 'any citizen of the United States . . . of any rights, privileges, or immunities secured by the Constitution and laws.'" *Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012) (quoting 42 U.S.C. § 1983). The complaint must demonstrate that Plaintiff's constitutional rights have been violated.

Prisoners generally bring claims for the denial of medical care under the Eighth Amendment, which prohibits cruel and unusual punishment. The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). To state a claim, the plaintiff must show that: (1) the medical condition was objectively serious; and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard. *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000). Negligence does not satisfy the Eighth Amendment standard. More is required. *Farmer*, 511 U.S. at 835. The prison official must act with the equivalent state of mind of criminal recklessness. *Farmer*, 511 U.S. at 836-37.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior*, or supervisory liability, does not apply in this context. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008).

Here, in order to establish individual liability, the Complaint must at least *suggest* that Wexford, Doctor Afuwape, Health Administrator Klein and Nurse Supervisor Johnson were personally involved in the violation of Plaintiff's constitutional rights.  To satisfy this standard as it relates to the individual defendants, Plaintiff must describe the medical condition(s) that required treatment, his requests for treatment and each defendant's response to his requests.  In order to satisfy the standard against Wexford, Plaintiff must describe the "unconstitutional policy or custom" attributable to Wexford that resulted in the denial of his medical care.  *Perez v. Fenoglio*, 792 F.3d 768, 780 (7th Cir. 2015) (citing *Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004)).

With this in mind, Plaintiff's Complaint (Doc. 1) shall be dismissed without prejudice and he shall be given an opportunity to file an amended complaint.  Instructions for filing a "First Amended Complaint" are set forth in the disposition below.

## **Pending Motion**

Plaintiff filed a Motion to Appoint Counsel (Doc. 3), in which he asks this Court to recruit counsel to represent him in this matter.  There is no constitutional or statutory right to counsel in federal civil cases.  *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006).  Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant.  *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).  The Court determined that Plaintiff is indigent when it granted his request to proceed *in forma pauperis* (Doc. 8).

When a litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own.  *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654

(7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

In his motion, Plaintiff indicates that he has "contacted several law firms" and received "no response" to date (Doc. 3, p. 1). However, he attached no written communications to or from a law firm, and he mentioned no date(s) in connection with these requests. Therefore, the Court is unable to assess when Plaintiff attempted to contact these law firms and whether a delay in the response suggests that these firms have declined to represent him in this matter. The allegations describing Plaintiff's attempts to secure counsel on his own are vague. As such, the Court cannot conclude that Plaintiff has made reasonable efforts to secure counsel.

Further, the Court is unable to assess the complexity of this matter without basic factual allegations that describe the nature of Plaintiff's medical needs and the denial of care. At the same time, the Court sees no indication that Plaintiff is unable to articulate the nature or scope of his claims against each defendant in writing. He discloses no health issues that prevent him from proceeding *pro* se at this time.

Upon consideration of the relevant factors, the Court concludes that recruitment of counsel is not appropriate at this time. The motion (Doc. 3) is **DENIED** without prejudice. The Court remains open to appointing counsel as the case progresses.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Complaint (Doc. 1) is **DISMISSED** without prejudice for non-compliance with Rule 8(a) of the Federal Rules of Civil Procedure and for failure to state any claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file his "First Amended Complaint" within thirty-five days **(on or before August 1, 2016)**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to state a claim upon which relief may be granted. *See* FED. R. CIV. P. 41(b). *See also Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A. Further, the dismissal shall count as one of Plaintiff's allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for such use in this District. He should label the form, "First Amended Complaint," and he should use the case number for *this* action. The amended complaint shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated to one another will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the "First Amended Complaint" must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the amended pleading. The "First Amended Complaint" is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED:  June 27, 2016**

                                                  *s/J. Phil Gilbert*
                                                  **U.S. District Judge**