**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JOSEPH BELL, # R-70185,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 16-cv-00240-JPG** |
| | ) | |
| **WEXFORD HEALTH SERVICES,** | ) | |
| **DR. AFUWAPE, MS. KLEIN,** | ) | |
| **and MARY JOHNSON,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

On March 7, 2016, Plaintiff Joseph Bell filed a complaint (Doc. 1) pursuant to 42 U.S.C. § 1983 against several officials at Vandalia Correctional Center who allegedly denied him adequate medical care.  The complaint did not survive threshold review under 28 U.S.C. § 1915A.  It did not comply with Rule 8(a) of the Federal Rules of Civil Procedure or state any claim upon which relief may be granted.  Accordingly, the Court dismissed the complaint on June 28, 2016 (Doc. 12).  The dismissal was without prejudice to Plaintiff filing a First Amended Complaint on or before August 1, 2016 (Doc. 12, pp. 6-7).

The deadline for filing a First Amended Complaint has now passed.  Plaintiff has not filed an amended complaint.  He has also not requested an extension of the deadline for doing so.

As a result, this case is **DISMISSED with prejudice** for failure to comply with an order of this Court.  FED. R. CIV. P. 41(b); *see generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).  Further, because the complaint failed to state a claim upon which relief may be granted, this dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: August 5, 2016**

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**United States District Judge**